## S10A1639. CHAPA v. THE STATE.
### (705 SE2d 646)

HUNSTEIN, Chief Justice.

Albert Chapa was convicted of the malice murder of Charlie Hendrix. He appeals the denial of his motion for new trial[1] challenging the sufficiency of the evidence and asserting error over alleged prosecutorial misconduct during closing argument and the failure to give a charge on voluntary manslaughter. Finding no error, we affirm.

1. The evidence authorized the jury to find that the victim was alive when his brother visited him the evening of November 23, 2001 but was found dead in his living room by his brother-in-law and son the next morning. The victim had been severely beaten, stabbed repeatedly and died as the result of massive bleeding after his throat was cut. Although appellant told an investigator that he had never been inside the victim's home and had sustained no injury around the time of the murder that would have enabled someone to obtain his blood, expert testimony established as appellant's the blood that was found on numerous items inside the home, including a broken knife blade in the living room and the pockets of a pair of blue jeans in the bedroom, as well as on the inside frame of a door in the house and on the front steps leading to the house. Witness Juan Ledesma testified that, on the day in issue, he gave appellant a ride to the victim's home because appellant wanted to borrow money from the

---

[1] The murder occurred on November 24, 2001. Chapa was indicted November 19, 2003 in Candler County. He was found guilty on October 6, 2004 and was sentenced to life in prison that same day. His motion for new trial, filed October 7, 2004 and amended March 28, 2008, was denied February 17, 2010. A notice of appeal was filed March 17, 2010. The appeal was docketed for the September 2010 term in this Court and was submitted for decision on the briefs.

victim; when appellant returned from the victim's home he had blood on his legs and front and was carrying his shirt in his hands. Two jailhouse informants testified to conversations in which appellant said that he could not have left blood on the door jamb of the house because he was "smarter than that" and that he had cut the victim's throat in an argument over money.

Appellant contends that the circumstantial evidence did not exclude the reasonable hypothesis that someone other than appellant committed the murder based on the lack of evidence that appellant's blood was deposited in the house at the time of the murder and asserting the jury could not reasonably have found the testimony of Ledesma and the jailhouse informants to be credible.

> [Q]uestions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law. It is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient.

(Citations and punctuation omitted.) *Brooks v. State*, 281 Ga. 514, 515-516 (1) (640 SE2d 280) (2007). The jury "was authorized to reject as unreasonable possibilities which were only theoretical, as [that] now offered by [appellant]. [Cit.]" *Treadwell v. State*, 285 Ga. 736, 743 (4) (684 SE2d 244) (2009).

Reviewing the evidence in the light most favorable to the verdict, we conclude that it was sufficient to exclude every reasonable hypothesis save that of appellant's guilt and to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the murder of Charlie Hendrix. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that the prosecutor in closing argument made an improper comment regarding appellant's decision not to testify.[2] However, any error in this regard has not been preserved for appeal because appellant failed to object to the prosecutor's closing argument at the time. See *Butler v. State*, 273 Ga. 380 (8) (541 SE2d

---

[2] The transcript shows that the prosecutor in his closing argument discussed how he could not
understand the brutality of this murder. I can't explain it. There's no reason for it. Such senseless brutality for ordinary people we can't understand. And [the victim's

653) (2001). Moreover, in order for such remarks to constitute prosecutorial misconduct, there must be "a finding that the prosecutor's manifest intent was to comment on [appellant's] failure to testify or that the jury would naturally and necessarily understand the remarks as a comment on [appellant's] silence. [Cit.]" *Wellons v. State*, 266 Ga. 77, 86 (10) (463 SE2d 868) (1995). When the challenged language is read in context, see footnote 2, supra, we conclude that the prosecutor's remark was unlikely to be interpreted by the jury as a comment on appellant's failure to testify and was not intended to comment on appellant's decision not to testify. "Furthermore, the trial court appropriately charged the jury that no adverse inferences were to be drawn from [appellant's] silence." Id. We find no error.

3. Appellant contends the trial court erred by not charging the jury on the lesser included offense of voluntary manslaughter. There is nothing in the record, however, to reflect that appellant requested such a charge in writing.[3] "The failure to give an unrequested charge is reversible error when the omission is clearly harmful and erroneous as a matter of law in that the charge as given fails to provide the jury with the proper guidelines for determining guilt or innocence." (Citations and punctuation omitted.) *Kennedy v. State*, 277 Ga. 588, 591 (3) (592 SE2d 830) (2004). In this case, the charge as given did not fail to provide the jury with such guidelines, and thus the error is waived. See *Smith v. State*, 277 Ga. 213 (9) (586 SE2d 639) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2011.

*Garrett, Gilliard & Saul, Michael C. Garrett*, for appellant.

*Hayward Altman, District Attorney, John A. Fitzner III, Mary K. McKinnon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.

---

son] who took the stand, crying his eyes out, couldn't finish his testimony, didn't understand why his father had to die. *The only person who could ever possibly explain that is that man right over there.*
The emphasized language is the comment challenged by appellant. The transcript further reflects that the prosecutor did not elaborate on this comment but instead went on to address issues raised by defense counsel's closing argument.

[3] The record does not contain any jury charge requests and the transcript reflects that the charge conference was not reported.