## S11A0495. MARTINEZ v. THE STATE.

(709 SE2d 797)

CARLEY, Presiding Justice.

After a jury trial, Appellant Carlos Martinez was found guilty of malice murder and possession of a firearm during the commission of a crime. The trial court entered judgments of conviction and sentenced Appellant to life imprisonment for malice murder and a consecutive term of five years for the weapons charge. Appellant appeals after the denial of a motion for new trial.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that on August 5, 2007, Idalecio Gallegos was shot and killed while sitting in the driver's seat of his car at a Publix shopping center parking lot. Approximately 60 people were in the Publix parking lot attending a car show. Earlier that day, Appellant was with Alex Fumes and another man at a playground next to a trailer park. Fumes was carrying a gun resembling an Uzi. Clay Adams attended the car show with his friend, and, while he was standing by his car about ten to fifteen yards away from the victim's car, he observed a Hispanic man walk toward the victim's car in a hunched position, pull out a polished silver handgun and shoot the victim. Adams then saw the shooter get in the passenger seat of a silver Honda Civic and flee the scene. James Brake also attended the car show and, immediately after hearing a gunshot, observed a Hispanic man back away from the victim's car with a small chrome gun in his hand. Brake then saw the shooter enter a silver Honda Civic and flee. Both Adams and Brake identified Appellant in a photographic lineup as the shooter.

When police responded to the scene, they discovered a single gunshot wound on the left side of the victim's face. Ballistics evidence showed that the 9mm bullet recovered from the victim's body was fired from a Ruger, Browning, or Barretta 9mm pistol. After following a lead, the police came upon Appellant driving a car near a trailer park. When police attempted to pull the car over, Appellant sped away, resulting in a chase in which he eventually lost control and drove into an embankment. He then fled on foot before being apprehended and arrested by police. Appellant did not testify at trial and presented two witnesses in his defense, both of whom testified that they saw Fumes shoot the victim.

---

[*] The crimes occurred on August 5, 2007, and the grand jury returned the indictment on November 26, 2008. The jury found Appellant guilty on April 30, 2009, and, on that same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on May 21, 2009, amended on December 30, 2009, and denied on September 14, 2010. Appellant filed the notice of appeal on October 14, 2010. The case was docketed in this Court for the January 2011 term and submitted for decision on the briefs.

Appellant contends that the evidence proffered at trial was insufficient to support his convictions as there were defense witnesses who testified that someone else and not Appellant was the actual shooter, and there were inconsistencies and contradictions in the testimony of the State's witnesses. "However, resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. [Cit.]" *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000). In the present case, the jury, after considering all of the evidence, chose to believe the State's version and that Appellant's witnesses were not credible. Therefore, the evidence was sufficient for a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends that his trial counsel rendered ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "[t]o prevail on a claim of ineffective assistance of trial counsel, [Appellant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. [Cit.]" *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). With respect to the first requirement, Appellant " 'must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' [Cit.]" *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). In order to show the requisite prejudice, Appellant " 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . .' [Cit.]" *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009). When reviewing an ineffective assistance claim, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]" *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

(a) Appellant contends that trial counsel rendered ineffective assistance by failing to object to the admission of identifications of Appellant as the shooter made by use of an impermissibly suggestive photographic lineup and by failing to object to the State's introduction of evidence surrounding the circumstances of his arrest. However, the record shows that both of these claims of ineffective assistance were not raised on motion for new trial and therefore may not be raised for the first time on appeal. *Collier v. State*, 288 Ga. 756, 758 (3) (707 SE2d 102) (2011).

(b) Appellant also contends that defense counsel rendered ineffective assistance by not requesting a continuance after witness James Johnson, who would have testified that Fumes confessed to

killing the victim, failed to appear for trial. Pretermitting whether it constituted deficient performance to fail to request a continuance, Appellant has not made the requisite showing under the prejudice prong of *Strickland*. According to his testimony at the motion for new trial hearing, defense counsel tried numerous times to contact Johnson before trial to ensure his cooperation, but was unsuccessful. At the motion for new trial hearing, Appellant did not call Johnson as a witness and did not account for his absence. Without some explanation as to why Johnson did not appear at trial or some evidence that he has been located in the ensuing months, Appellant "has failed to demonstrate that [Johnson] would testify at trial, and thus has failed to carry his burden to show prejudice. [Cit.]" *Columbus v. State*, 270 Ga. 658, 661 (2) (b) (513 SE2d 498) (1999).

Moreover, the result of this case could only have been affected if the testimony of Johnson was admissible at trial.

> Hearsay evidence of another person's inculpatory statements regarding commission of the crimes for which the defendant is being tried is generally inadmissible, but is admissible in exceptional circumstances, i.e., when the hearsay bears "persuasive assurances of trustworthiness" and is critical to the defense. [Cit.]

*Inman v. State*, 281 Ga. 67, 72 (4) (635 SE2d 125) (2006). Assuming that Johnson's testimony would be critical to the defense, Appellant has failed to show persuasive assurances of trustworthiness. There is no evidence that Fumes made his confession spontaneously or that Fumes and Johnson were close friends. See *Green v. Georgia*, 442 U. S. 95, 97 (99 SC 2150, 60 LE2d 738) (1979); *Chambers v. Mississippi*, 410 U. S. 284, 300 (III) (B) (93 SC 1038, 35 LE2d 297) (1973). In fact, the evidence shows that the only link between Fumes and Johnson was that they were inmates at the same time at the Clayton County Jail and that they had occasional contact. See *Drane v. State*, 271 Ga. 849, 853 (2) (523 SE2d 301) (1999). Fumes did not testify at trial, and Appellant did not make a showing that Fumes was or would be available to testify. See *Chambers v. Mississippi*, supra; *Drane v. State*, supra. Therefore, Appellant failed to make an affirmative showing that the proffered hearsay testimony of Johnson demonstrated " 'persuasive assurances of trustworthiness [or] was . . . made under circumstances providing considerable assurance of its reliability.' " *Drane v. State*, supra at 852 (2). Since Appellant has failed to establish that Johnson's testimony would have been admissible at trial, he has failed to demonstrate that the outcome of the proceeding would have been different as required under *Strickland*.

*Judgments affirmed. All the Justices concur.*

Decided April 26, 2011.

Agis R. Bray III, for appellant.

Tracy Graham-Lawson, District Attorney, Jason B. Green, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General, for appellee.