## S12A1177. GRELL v. THE STATE.
(732 SE2d 741)

BENHAM, Justice.

Appellant Devin Anthony Grell was convicted of the felony murder of Donny Edouard, with the aggravated assault of Edouard as the underlying felony. He was also convicted of burglary of the Edouard home, two counts of aggravated assault of Brianna Morgan, and five counts of possession of a firearm during the commission of a crime, with each of the possession counts using as its predicate crime a different one of the five felonies with which appellant was charged. Grell appeals the judgment of conviction, contending that he was not afforded the effective assistance of counsel and that the trial court improperly excluded the testimony of a defense witness and improperly instructed the deliberating jury in response to a question the jury raised. After reviewing the appellate record, we affirm six of the nine convictions and vacate two of the convictions for possession of a firearm during the commission of a crime and one of the aggravated assault convictions in which Morgan was the victim.

The victim who died was killed in a second-story bedroom of his family's Gwinnett County home on July 11, 2008.[1] The cause of death was a gunshot wound to the face that went through the base of the victim's skull and lodged under the skin behind his left ear. The aggravated assault victim, Brianna Morgan, a visitor in the victim's home the night he was killed, identified appellant as a man she previously had met through Edouard. She testified appellant was one of two men she saw arrive at the Edouard home and appellant was the visitor who entered the victim's home and went upstairs. While standing in the home's front yard, Morgan heard a bang and saw appellant run down the stairs and exit the home. Appellant then twice shot Morgan, who was approaching the house. The first shot injured Morgan's ear and she fell to the ground; the second shot struck her in the leg.

1. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder, aggravated assault, burglary, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, two of the five convictions for possession of a firearm during the commission of a crime must be vacated.

> [W]here multiple crimes are committed together during the course of one continuous crime spree, a defendant may be convicted once for possession of a firearm during the commission of a crime as to every individual victim of the crime spree, as provided under OCGA § 16-11-106 (b) (1), and additionally once for firearm possession for every crime enumerated in subsections (b) (2) through (5).

---

[1] The crimes occurred on July 11, 2008. A Gwinnett County grand jury returned a true bill of indictment on October 1, 2008, charging appellant with malice murder, felony murder, three counts of aggravated assault (one naming the deceased as the victim and two naming Brianna Morgan as the victim of two different gunshots), burglary, five counts of possessing a firearm during the commission of a crime, and one count of possessing a firearm while a convicted felon. Appellant's trial took place June 7-11, 2010. The jury acquitted appellant of the malice murder charge and found appellant guilty of the remaining charges, with the exception of felon in possession, which the State nol prossed. Appellant was sentenced to life imprisonment for felony murder (with the conviction for the aggravated assault of Edouard having merged into the felony murder conviction) plus terms of years totaling 25 years for the convictions for the aggravated assaults of Morgan and for being in possession of a firearm during the commission of the crimes, which sentences were to be served consecutively to the life sentence. Appellant's sentence was filed June 17, 2010, and a timely motion for new trial was filed July 6, 2010. New counsel was appointed to represent appellant on July 9, and an amended motion for new trial was filed October 14, 2011. A hearing was held on the amended motion October 21, and the motion was denied by order filed February 22, 2012. A timely notice of appeal was filed March 1, 2012, and the case was docketed in this Court to the April 2012 term of court. It is submitted for decision on the briefs.

*State v. Marlowe*, 277 Ga. 383 (2) (c) (589 SE2d 69) (2003). In the case before us, there were two individual victims, and appellant was convicted of burglary, a crime enumerated in subsection (2) of OCGA § 16-11-106 (b) ("The unlawful entry into a building or vehicle"). Accordingly, the statute authorizes imposition of sentence on appellant for three of the guilty verdicts returned on the five counts charging appellant with being in possession of a firearm during the commission of a crime: the firearm possession count in which burglary was the underlying crime, one of the firearm possession counts in which Edouard was the victim, and one of the firearm possession counts in which Morgan was the victim. The remaining two possession convictions must be vacated. *Taylor v. State*, 282 Ga. 693 (3) (653 SE2d 477) (2007); *State v. Marlowe*, supra, 277 Ga. 383 (3).

Furthermore, one of the two aggravated assault convictions of which Brianna Morgan was the victim and the sentence imposed on that conviction must be vacated. "When a victim suffers multiple wounds inflicted in quick succession, each infliction of injury does not constitute a separate assault." *Coleman v. State*, 286 Ga. 291 (3) (687 SE2d 427) (2009). See also *Mack v. State*, 283 Ga. App. 172 (3) (641 SE2d 194) (2007) (two aggravated assaults (pointing a gun at the victim's head and shooting the victim in the leg) committed without an "ensuing interval" between them merged). The two gunshots that struck Morgan, fired without a deliberate interval as appellant left the premises, did not constitute separate aggravated assaults.

2. Appellant argues the trial court committed reversible error when it excluded the testimony of a defense witness. In a hearing held outside the presence of the jury, appellant proffered the testimony of Alex Haynie, a prisoner who had been incarcerated with Jonathan Pichardo. Haynie would testify that Pichardo had told him that Pichardo had killed the victim and that Pichardo still had the gun used. Citing *Hood v. State*, 273 Ga. App. 430 (3) (615 SE2d 244) (2005), and expressing doubt about the reliability of the proffered witness, the trial court excluded the proffered testimony.[2]

"It is the long-standing rule in this state that declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial. . . .

---

[2] During the hearing, the trial court also expressed concern that, despite having invoked reciprocal discovery, defense counsel had not shared with the State until a week before trial the letter from the proffered witness containing the assertion, which letter defense counsel had received fifteen months before trial, and defense counsel had not made the State aware of the existence of the audiotape of the conversation counsel had with the proffered witness in June 2009, a year before trial.

[Cits.]" *Timberlake v. State,* 246 Ga. 488, 492 (271 SE2d 792) (1980). See also *Davis v. State,* 283 Ga. 438 (3) (B) (660 SE2d 354) (2008). That, however, does not end our inquiry when it is the defendant who seeks admission of such evidence. The United States Supreme Court stated in *Chambers v. Mississippi,* 410 U. S. 284, 302 (93 SC 1038, 35 LE2d 297) (1973), that "the hearsay rule may not be applied mechanistically to defeat the ends of justice" when the rejected testimony "bore persuasive assurances of trustworthiness [and] was critical to [the] defense." In *Chambers,* the Court held that the Due Process Clause gives a criminal defendant the right to introduce evidence of a third-party's declaration against penal interest when these "exceptional circumstances" were met. See *Turner v. State,* 267 Ga. 149 (3) (476 SE2d 252) (1996); *Drane v. State,* 265 Ga. 255 (3) (455 SE2d 27) (1995). See also *Brown v. State,* 288 Ga. 902 (4) (708 SE2d 294) (2011); *Drane v. State,* 271 Ga. 849 (2) (523 SE2d 301) (1999). In the case before us, the trial court stated at the hearing that it was "having trouble assigning reliability to this [proffered] witness . . . [,]" in light of the proffered witness's testimony that he had contacted appellant's trial counsel by mailing him a letter in June 2009 and knew to whom to send the letter because appellant had told him in June 2008 the name of appellant's trial counsel. In contrast, the trial court found defense counsel's entry of appearance was dated October 10, 2008, and defense counsel recalled that he entered the case in June 2009, both dates being well after appellant purportedly identified defense counsel as his attorney to the proffered witness. In light of the above, we are unable to say that the trial court abused its discretion when, in finding that the proffered witness was unreliable, it implicitly determined that the rejected testimony did not bear persuasive assurances of trustworthiness, and declined to permit the proffered witness to testify before the jury. See *Coleman v. State,* supra, 286 Ga. 291 (7).

3. Appellant next argues that the trial court erred when it did not give appellant's suggested response to an inquiry from the jury during deliberations, and maintains the charge given was error. The jury's inquiry centered on the scope of Count 7 of the indictment, which charged appellant with possession of a handgun during the commission of a felony, "to wit: murder, which is a crime involving the person of another. . . ." See OCGA § 16-11-106 (b) (1). The jury asked whether Count 7 applied "to murder, Count [1], or felony murder count [Count 2]? Is it exclusive to murder?" After hearing appellant's contention that deliberations of Count 7 should be limited to the count charging "murder" and not include the count charging "felony murder," the trial court instructed the jury that they "should reach a

separate and independent decision as to each count of the indictment." Forty-nine minutes later, the jury returned its verdicts, acquitting appellant of malice murder and finding him guilty of felony murder and possession of a firearm during the commission of the felony of murder.

The trial court did not err in declining to instruct the jury as appellant requested. "Murder" is committed when one unlawfully causes the death of another human being with malice aforethought or while in the commission of a felony. OCGA § 16-5-1 (a), (c). Consequently, it would have been inappropriate to limit the jury's deliberations on Count 7 to one type of murder. It was not error to instruct the jury to consider separate and independent verdicts on each count. See *Rice v. State*, 243 Ga. App. 143 (1) (b) (531 SE2d 182) (2000).

4. Appellant contends the trial court erred when it failed to find that appellant had not been afforded the effective assistance of trial counsel guaranteed him by the Sixth Amendment to the United States Constitution.

> To prevail on his claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30 (4) (644 SE2d 837) (2007).

(a) Appellant contends trial counsel performed deficiently by failing to prepare appellant's sister to testify at appellant's trial. Specifically, appellant asserts trial counsel should have prepared the witness so as to keep her from giving prejudicial testimony that appellant had been incarcerated previously. Appellant maintains his sister made the jury aware that appellant previously had been incarcerated when, on direct examination, she testified that she was close to her brother at the time the victim was killed, that she wrote him letters, "and when he got out, you know, we spent a little bit of time together." Appellant's contention of ineffective assistance is based on his speculation that the jury understood his sister's remark to refer to appellant's getting out of jail. Since appellant "failed to support his contention of ineffective assistance with any evidence other than his own speculation[,] . . . his argument in this regard must be rejected." *Stokes v. State*, 289 Ga. 702 (2) (715 SE2d 81) (2011).

(b) Appellant contends trial counsel performed deficiently when they failed to subpoena Jonathan Pichardo and failed to request a continuance when it became apparent that Pichardo could not be located. We discern from the testimony of trial counsel at the hearing on appellant's motion for new trial that trial counsel did obtain a subpoena for Pichardo but were unsuccessful in their efforts to have the subpoena served on Pichardo, who repeatedly eluded trial counsel's investigator. Assuming deficient performance, appellant contends the outcome of his trial would have been different had Pichardo been located and testified because the jury then would have heard, as impeachment testimony or as a prior consistent statement, the testimony of Haynie, the proffered witness discussed in Division 2, supra, that Pichardo had told him that Pichardo had killed the murder victim. Since Pichardo did not testify at the hearing on appellant's motion for new trial and appellant did not present a legally acceptable substitute for Pichardo's testimony to substantiate appellant's claim that Pichardo's testimony would have been forthcoming[3] as well as relevant and favorable to appellant's defense, it was impossible for appellant to meet the prejudice prong of the *Strickland* test — to show there was a reasonable probability that the outcome of the proceedings would have been different. See *Dickens v. State*, 280 Ga. 320 (2) (627 SE2d 587) (2006).

As for the contention that trial counsel performed deficiently when they failed to request a continuance in order to locate Pichardo,

> [p]retermitting whether it constituted deficient performance to fail to request a continuance, [a]ppellant has not made the requisite showing under the prejudice prong of *Strickland*. . . . At the motion for new trial hearing, [a]ppellant did not call [Pichardo] as a witness and did not account for his absence. Without . . . some evidence that [Pichardo] has been located in the ensuing months, [a]ppellant "has failed to demonstrate that [Pichardo] would testify at trial, and thus has failed to carry his burden to show prejudice. [Cit.]"

*Martinez v. State*, 289 Ga. 160 (2) (b) (709 SE2d 797) (2011).

---

[3] Appellant does not take into account the distinct possibility that Pichardo, had he been located and served with the subpoena, would have exercised his constitutional right to not be compelled to be a witness against himself (see Amendment V, U. S. Constitution), making Pichardo's purported prior statement inadmissible as a prior inconsistent statement. See *Barksdale v. State*, 265 Ga. 9 (2) (a) (453 SE2d 2) (1995).

(c) Appellant sees prejudicial deficient performance in trial counsel's delivery of a closing argument in which trial counsel acknowledged that appellant had been in prison prior to the commission of the crimes for which he was being tried. Even if we assume that trial counsel's reference to prior imprisonment was deficient performance, appellant has not established the prejudice prong of the *Strickland* test for ineffective assistance. In light of victim Morgan's testimony identifying appellant as the man she saw take the stairs to victim Edouard's bedroom shortly before Edouard was shot, as the man who ran down the stairs immediately after a shot was fired, and as the man who shot her as he fled, we disagree with appellant that there is a reasonable probability that the outcome of the trial would have been different had the jury not been told of appellant's prior incarceration. Consequently, we cannot say the trial court erred in denying that portion of appellant's motion for new trial based on ineffective assistance of counsel.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, Jon W. Setzer, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.