In the Supreme Court of Georgia

Decided: November 3, 2014

S14A1156.  SLATON  v. THE STATE.

BENHAM, Justice.

Appellant Charles Slaton, along with five others, were indicted for malice murder and felony murder (aggravated assault) of Marcus Holloway, aggravated assault of Holloway, aggravated assault of LaQuinton Forte, and possession of a firearm during the commission of a felony.  Slaton's case was severed and he was tried separately from the remaining four co-indictees who were tried. Slaton was found guilty of all counts except for malice murder and the possession count.[1]  All the co-indictees were part of a group that called

[1]  The crimes occurred on January 29, 2011, and the DeKalb County grand jury returned an indictment on March 18, 2011 charging appellant and five other co-indictees with identical charges of malice murder of Marcus Holloway, felony murder of Marcus Holloway, based upon aggravated assault, aggravated assault of Marcus Holloway, aggravated assault of LaQuinton Forte, and possession of a firearm during the commission of a felony.  Appellant's motion to sever was granted and appellant was tried March 19-26, 2012, and the jury found him guilty of all charges except malice murder and possession of a firearm during the commission of a felony.  The conviction on the charge of aggravated assault of victim Holloway merged for purposes of sentencing with the conviction for felony murder, and the trial court sentenced appellant to life in prison as to the felony murder count.  The trial judge sentenced appellant to imprisonment for a term of five years to serve as to the aggravated assault of victim Forte, to run concurrently with the life sentence.  On April 4, 2012, appellant filed a motion for new trial which was later amended.  The motion was heard over two separate days, and it was denied by order filed August 15, 2013.  The trial court granted appellant's motion to file an out-of-time appeal, and appellant's notice of appeal was filed September

themselves the "Ho Haters."

The evidence presented at trial shows that on the evening of January 28, 2011, Slaton visited a woman at the apartment complex where the crimes occurred. While he was there, Dwain O'Neal also showed up. O'Neal and Slaton were at that time engaged in a conflict over stolen guns. Slaton hid under a bed while O'Neal angrily demanded to know where Slaton was. When O'Neal left the apartment, he asked some men who were hanging around the parking lot which car was Slaton's, and he then slashed the tires on Slaton's car. In his recorded statement made to police, Slaton stated he saw this conduct from inside the apartment and called co-indictee Antoine Willis to come pick him up. Slaton stated he told Willis that O'Neal had a pistol and was looking for Slaton. He instructed Willis to pull up in a car and be prepared that someone "might shoot at us." Slaton knew Willis and the other co-indictees had guns. In his statement to police, Slaton stated that if he had been armed, he would not have had to call anyone but would have handled the situation himself. In response to Slaton's call, Willis drove to the complex in a car with co-indictees Jaqwanta

27, 2013. The case was docket in this Court to the April 2014 term for a decision to be made on the briefs.

Grimes and Brandon Reed as passengers. Co-indictee Kyree Brantley drove a second car there with co-indictee Lancelot Hicks as a passenger. Grimes, Brandon, Willis, and Brantley, got out of the cars and started shooting handguns. At that point, O'Neal ran out the back of the apartment building. Reed and Willis ran toward the building to get Slaton, and Slaton ran out the door of the apartment to join them. Unidentified individuals in the group of men who came to rescue Slaton opened fire to cover Slaton and they all got into the two vehicles and drove away. Several who were present in the apartment parking area, including victim Forte, were able to run away from the gunfire, but victim Holloway was killed.

After the shootout, the six men in the two cars drove to Slaton's residence and stayed the night with him, bragging about the shooting. Slaton remained with them and did nothing to disassociate himself from the actions of the others. Pursuant to an investigation, Willis was identified as a suspect and a handgun was recovered from Willis at the time of his arrest. Another handgun was found in the apartment of Willis's girlfriend, and ballistics tests on shell casings found at the scene connected both guns to the shootings. Slaton's fingerprints were not found on the guns.

1. Slaton contends the evidence presented by the State was not sufficient to authorize his conviction because there was no evidence he directly committed the crimes and no evidence from which the jury could conclude he was a party to the crimes. Pursuant to OCGA § 16-2-20 (a), "[e]very person concerned in the commission of a crime is a party thereto and may be . . . convicted of commission of the crime." Pursuant to OCGA § 16-2-20 (b) (4), one of the ways in which a person is "concerned in the commission of a crime" is if he "[i]intentionally advises, encourages, hires, counsels, or procures another to commit the crime." Slaton argues that the State presented only circumstantial evidence of Slaton's guilt that did not exclude every other reasonable hypotheses except that of his guilt as a party the crimes, as required by the former OCGA § 24-4-6.[2] His theory, however, that he simply called a friend to help him get out of the apartment where he was trapped and had no idea that guns would be involved in his rescue was put before the jury through his recorded statement to police and was argued as a defense during closing

---

[2] Former OCGA § 24-4-6 applied at the time of Slaton's trial, but has been replaced by OCGA § 24-14-6, effective January 1, 2013. Both the former and current evidentiary statutes state: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

argument. The jury rejected this theory and found appellant guilty.

"[Q]uestions as to the reasonableness of hypotheses other than the guilt of the defendant are generally for the jury to decide, and this Court will not disturb a finding of guilt unless the evidence is insupportable as a matter of law." *Lowe v. State*, ___ Ga. ___ (1) (759 SE2d 841) (2014). Further, this Court will not resolve evidentiary conflicts and inconsistencies. See *Flowers v. State*, 275 Ga. 592 (1) (571 SE2d 381) (2002). Mere presence at the scene of the crime and mere approval of a criminal act are insufficient to establish that a defendant was a party to the crime. "Proof that the defendant shares a common criminal intent with the actual perpetrators is necessary." *Eckman v. State*, 274 Ga. 63, 65 (1) (548 SE2d 310) (2001). But such shared criminal intent "may be inferred from the defendant's conduct before, during, and after the crime." Id. See also *Brown v. State*, 291 Ga. 887 (1) (734 SE2d 41) (2012) (where defendant asked to be picked up by a friend to go looking for those he believed had shot at him, and the driver of the car that came to pick him up fired a shot toward the victim and others the defendant identified as the ones who shot at him, killing the victim, the evidence was sufficient to support defendant's conviction for murder and other charges as a party to the crimes). Similarly to

the facts in *Brown*, here, a jury could reasonably infer from the evidence concerning Slaton's conduct before, during, and after the shooting that he advised, encouraged, and counseled Willis to come rescue him "with guns blazing," as the State contended.

The jury was properly instructed on the law of party to a crime. Accordingly, viewing the evidence in the light most favorable to the verdict, "we find that the evidence is sufficient to have authorized the jury to find that the state excluded all reasonable hypotheses except that of the defendant's guilt . . . ." (Citation and punctuation omitted.) *Reeves v. State*, 294 Ga. 673, 675 (1) (755 SE2d 695) (2014). We find the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Slaton was a party to the crimes of which he was convicted. *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Slaton also asserts the verdict was against the weight of the evidence and contrary to the principles of justice and equity,[3] as the State failed to meet its burden of showing his actions in any way contributed to the victim's death.

---

[3] These grounds for new trial, set forth at OCGA § 5-5-20 and 5-5-21, are commonly referred to as the "general grounds." See *White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013).

Consequently, he claims the case requires the grant of a new trial. Although Slaton raised the general grounds in his initial written motion for new trial, at the hearing on the motion Slaton presented no argument regarding the weight of the evidence and did not request the trial court to exercise its discretion to set aside the verdict on these grounds. Instead he stated that he was asking the court to grant a new trial based on the arguments made at the hearing.[4] Notably, Slaton doesn't assert the trial court erred in failing to address the general grounds for setting aside the verdict or to exercise its discretion to find the verdict was against the weight of the evidence. Instead, Slaton effectively seeks such a finding by this Court. But this Court is without authority to make such a finding. *Smith v. State*, 292 Ga. 316, 317 (1) (b) (737 SE2d 677) (2013).

> A motion for new trial based on OCGA § 5-5-20, i.e., that the verdict is contrary to the evidence, addresses itself only to the discretion of the trial judge. [Cit.] Whether to grant a new trial based on OCGA § 5-5-21, i.e., that the verdict is strongly against the evidence, is one that is solely in the discretion of the trial court, and the appellate courts do not have the same discretion to order new trials. [Cit.]

---

[4] At the motion for new trial hearing, in addition to arguing the evidence was legally insufficient to support the verdict beyond a reasonable doubt, pursuant to *Jackson v. Virginia,* supra, Slaton asserted various other grounds for the motion, but no error is raised on appeal with respect to the trial court's failure to grant a new trial on those other grounds.

*Id.* This is not a case in which this Court is required to remand these issues to the trial court for determination, given Slaton's failure to argue the general grounds at the hearing on the motion for new trial and his statement that he was seeking a new trial based upon the arguments made at the hearing. But see *Walker v. State*, 292 Ga. 262 (2) (737 SE2d 311) (2013) (where the judgment was vacated and remanded for further action because the trial court failed to rule on the general grounds raised in appellant's motion for new trial and applied only the sufficiency of the evidence standard in denying the motion); compare *Strapp v. State*, 326 Ga. App. 264 (3) (756 SE2d 333) (2014) (appellant induced error, if any, with respect to the trial court's failure to rule upon his motion for new trial on the general grounds by indicating at the hearing that he was arguing only the sufficiency of the evidence and not the general grounds). The trial court expressly stated in its order denying the motion for new trial that no basis for granting a new trial was shown.

Judgment affirmed. All the Justices concur.