302 Ga. 671
FINAL COPY

S17A1350. DONALDSON v. THE STATE.

BLACKWELL, Justice.

Thyrell Depree Donaldson was tried by a Clayton County jury and convicted of felony murder, aggravated assault, and two counts of unlawful possession of a firearm during the commission of a felony, all in connection with the shooting death of Robert White, Jr.[1] Donaldson appeals, contending that the evidence is insufficient to support his convictions and that the trial court

---

[1] The crimes were committed on June 14, 2015. On September 30, 2015, a Clayton County grand jury indicted Donaldson for the malice murder of White (Count 1); felony murder predicated on aggravated assault (Count 2); aggravated assault based on "shooting [White] in the back" (Count 3); aggravated assault based on "shooting at [White]" (Count 4); possession of a firearm during the commission of a felony (murder) (Count 5); and possession of a firearm during the commission of a felony (aggravated assault) (Count 6). Donaldson stood trial from February 22 through February 25, 2016, and he was acquitted of malice murder but found guilty on all other counts. The trial court sentenced Donaldson to life imprisonment for felony murder; a twenty-year consecutive term for aggravated assault in Count 4; a consecutive five-year term for possession of a firearm during the commission of murder; and a concurrent five-year term for possession of a firearm during the commission of aggravated assault. The trial court merged the aggravated assault in Count 3 with the felony murder. Donaldson moved for a new trial on March 4, 2016, and he amended the motion on June 23, 2016. The trial court denied the motion on October 25, 2016. Donaldson timely appealed, and this case was docketed to the August 2017 term of this Court and submitted for a decision on the briefs.

erred when it refused to grant him a new trial on the "general grounds" under

OCGA §§ 5-5-20 and 5-5-21.[2] Upon our review of the record and briefs, we

affirm Donaldson's convictions for felony murder and one of the firearm-

possession counts, but due to a merger error, we vacate his convictions for

aggravated assault and the other firearm-possession count.

1. Viewed in the light most favorable to the verdict, the evidence at trial

shows the following. On the evening of June 14, 2015, White, along with his

cousin and another friend, walked to the Foxhall apartment complex in Forest

Park to buy marijuana. Upon arrival, the three friends congregated near the

laundry room — located near the apartment building where Donaldson lived —

and there they met another friend from high school. White then left the group

and went up the stairs to Donaldson's apartment, where he stood outside of

Donaldson's front door and briefly spoke to Donaldson through the door about

---

[2] Section 5-5-20 allows a trial judge to grant a new trial "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity." OCGA § 5-5-20. Section 5-5-21 allows the trial judge to "exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21. Grounds for a new trial under these Code sections are commonly known as the "general grounds" and "require the trial judge to exercise a broad discretion to sit as a 'thirteenth juror.'" White v. State, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013) (citation and punctuation omitted).

purchasing marijuana. White then came back down the stairs and joined the group again.

A short time later, White went back up to Donaldson's apartment and again spoke to Donaldson outside the front door. According to an eyewitness, White was sitting on the top of the stairs outside the apartment when Donaldson came out and fired two shots at White from behind. One of the bullets missed, but the other hit White in the back, and he fell down the stairs, yelling for help. Witnesses heard White say, "why did you shoot me?" or "[a]re you really going to kill me?" Although several people rushed to White's aid and tried to put pressure on the wound, he later died from blood loss. An autopsy revealed that the bullet entered White's vertebrae, severed portions of his spinal cord — immediately rendering his legs useless — and perforated his aorta. After the shooting, Donaldson threw the gun into a ditch and fled the scene. He was apprehended the next day.

Donaldson testified in his own defense and also presented the testimony of his girlfriend, Crystal Sutton, who was in the apartment with Donaldson and their baby at the time of the incident. Donaldson testified, essentially, that he kept a gun for protection and shot White after White and another man forcibly

entered Donaldson's apartment and punched Donaldson in the face. Donaldson explained that he threw away the gun after the incident because he saw the police approaching and was afraid they might shoot him. Sutton largely corroborated Donaldson's testimony.

2. Donaldson argues on appeal that the evidence is insufficient to sustain his convictions because it shows that he lawfully possessed a weapon and shot White in defense of himself, his family, and his home. But as we have explained time and again, "it is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." Graham v. State, 301 Ga. 675, 677 (1) (804 SE2d 113) (2017) (citation and punctuation omitted); Chapa v. State, 288 Ga. 505, 506 (1) (705 SE2d 646) (2011) (same). Here, the State's evidence showed that Donaldson shot White in the back while the latter was sitting on the stairs outside Donaldson's apartment. Although Donaldson presented contrary evidence of self-defense, the jury was free to disbelieve his evidence and to credit the State's evidence instead. See Graham, 301 Ga. at 677 (1); Wright v. State, 296 Ga. 276, 284 (3) (766 SE2d 439) (2014) ("It is for the jury to resolve conflicts in the evidence and questions of witness

4

credibility, not this Court."). Thus, the evidence presented at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Donaldson was guilty of felony murder and the other offenses for which he was ultimately convicted. See <u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

3. Donaldson next argues that the trial court erroneously failed to exercise its discretion as the thirteenth juror and grant him a new trial under OCGA §§ 5-5-20 and 5-5-21. But the record belies this assertion. In its order denying Donaldson's motion for a new trial, the trial court expressly acknowledged its authority under OCGA §§ 5-5-20 and 5-5-21 and stated:

> Having performed this duty to sit as a thirteenth juror and having weighed the evidence and considered the credibility of the witnesses, the Court finds that the verdicts are amply supported by the evidence, not contrary to the evidence, not strongly and decidedly against the weight of the evidence and not contrary to the principles of justice and equity.

The trial court "did not state the incorrect standard in its order, and nothing in the record indicates that the court was unaware of its responsibility." <u>Allen v. State</u>, 296 Ga. 738, 741 (2) (770 SE2d 625) (2015) (citations omitted). And, once we have determined that the trial court properly exercised its authority in

5

refusing to grant a new trial on the general grounds, we cannot review the merits of that decision by the trial court. Simpson v. State, 298 Ga. 314, 315 (1), n.2 (781 SE2d 762) (2016) ("This Court . . . does not have the authority and discretion to grant a new trial on . . . the 'general grounds.'" (citation and punctuation omitted)); Slaton v. State, 296 Ga. 122, 125 (2) (765 SE2d 332) (2014). This enumeration of error, therefore, lacks merit.

4. Although Donaldson does not raise the issue on appeal, we notice two merger errors in his sentencing. See Hulett v. State, 296 Ga. 49, 54 (2) (766 SE2d 1) (2014) ("[I]f we notice a merger issue in a direct appeal, . . . we regularly resolve that issue, even where it was not raised in the trial court and is not enumerated as error on appeal." (citation and punctuation omitted)). The indictment charged Donaldson with two aggravated assaults — one for "shooting [White] in the back" (Count 3) and one for "shooting at him" (Count 4). At sentencing, the trial court properly merged the aggravated assault in Count 3 — the fatal shot — with the felony murder count.[3] But the trial court imposed a separate, 20-year consecutive sentence on the aggravated assault in

---

[3] "If a defendant is convicted of felony murder as well as the underlying felony, the underlying felony merges into the felony murder conviction." Carter v. State, 285 Ga. 394, 399 (8) (677 SE2d 71) (2009).

Count 4 — the shot that missed White. This was error. The evidence (viewed in the light most favorable to the verdict) showed that the two shots were fired "[b]ack to back," as part of a single incident, and so the two aggravated assault counts both should have merged into felony murder for sentencing purposes. See Gomez v. State, 301 Ga. 445, 455-456 (4) (b) (801 SE2d 847) (2017) (both aggravated assault convictions should have merged into felony murder where there was no evidence of a deliberate interval between the infliction of separate injuries underlying the aggravated assault convictions); Grell v. State, 291 Ga. 615, 617 (1) (732 SE2d 741) (2012) ("The two gunshots that struck [victim], fired without a deliberate interval . . . , did not constitute separate aggravated assaults."); Coleman v. State, 286 Ga. 291, 295 (3) (687 SE2d 427) (2009) ("When a victim suffers multiple wounds inflicted in quick succession, each infliction of injury does not constitute a separate assault.").

In a similar vein, the trial court also erred when it failed to merge Donaldson's two convictions on Counts 5 and 6 for possession of a firearm during the commission of a felony. See Abdullah v. State, 284 Ga. 399, 401 (4) (667 SE2d 584) (2008) ("[W]here multiple crimes are committed together during the course of one continuous crime spree, a defendant may only be

7

convicted once for possession of a firearm during the commission of a crime as to each individual victim." (citation and punctuation omitted)). See also Stovall v. State, 287 Ga. 415, 421 (5) (696 SE2d 633) (2010) ("Because only one victim was involved in appellant's crime spree, . . . he may be convicted only once for possession of a firearm during the commission of a crime."). Accordingly, we vacate Donaldson's convictions and sentences on Count 4 (aggravated assault) and Count 6 (firearm possession), but we affirm his remaining convictions and sentences.

Judgment affirmed in part and vacated in part. All the Justices concur.

Decided December 11, 2017.

Murder. Clayton Superior Court. Before Judge Carter.

Darrell B. Reynolds, Sr., for appellant.

Tracy Graham Lawson, District Attorney, Elizabeth A. Baker, Elizabeth R. Rosenwasser, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.