307 Ga. 755
FINAL COPY

S19A1476.  TAYLOR v. THE STATE.

WARREN, Justice.

A Fulton County grand jury indicted appellant Sylvester Taylor in 2014 for malice murder and criminal attempt to commit rape, among other crimes, stemming from the beating death of Linda Madison.  This appeal, however, stems from an exchange between Taylor and the judge presiding over his pre-trial proceedings.[1]

Specifically, at a preliminary hearing held on April 4, 2014, Taylor proclaimed that "I ain't killed that b*tch; that b*tch killed herself."  The trial court then cautioned, "Wait a minute."  Taylor, however, immediately launched into an uninterrupted (albeit brief), profanity-laced tirade in which he denied killing Madison.  The tirade culminated in him saying, "Y'all can kiss my black a**."  The

---

[1] There is nothing in the record on appeal that indicates whether Taylor has yet been tried for the charges contained in the indictment.

trial court found Taylor guilty of 13 instances of criminal contempt, one for each of the obscene words that he used during the outburst, and sentenced him to a total of 230 days in jail, not to be served until Taylor becomes eligible for release pursuant to bond or "by final disposition of the charges upon which [Taylor] is currently being held."[2] Taylor appeals, contending (among other things) that the trial court erred by finding him guilty of multiple instances of contempt. The State agrees with Taylor, and so do we.[3]

1. To begin, we note that "[c]riminal contempt is a crime in the ordinary sense," *Cousins v. Macedonia Baptist Church of Atlanta*, 283 Ga. 570, 575 (662 SE2d 533) (2008), and that the trial court imposed multiple punishments for criminal contempt on Taylor under OCGA § 15-1-4 (a) (1), which permits a trial court to impose

---

[2] The contempt order was entered on April 9, 2014, and Taylor filed a timely notice of appeal. It is unclear from the record why it took so long for Taylor's appeal to reach this Court.

[3] "Because the contempt arises from a murder case, this Court has jurisdiction of the appeal." *In re Brinson*, 299 Ga. 859, 859 n.2 (791 SE2d 804) (2016). And Taylor was entitled to an immediate direct appeal of the contempt order under OCGA § 5-6-34 (a) (2).

such punishment for "[m]isbehavior . . . in the presence of [a] court[ ] or so near thereto as to obstruct the administration of justice[.]"[4] But here, even assuming that each of the 13 obscene words Taylor uttered during his outburst could warrant a conviction for contempt if used at different times during his criminal proceedings, the same is not true when the words are uttered during one continuous — and very brief — outburst. Indeed, in similar contexts, we have held that a defendant may not be convicted of two or more counts of the same crime where the evidence shows that the two counts are part of a single incident. For example, in *Donaldson v. State*, 302 Ga. 671 (808 SE2d 720) (2017), we explained that "[w]hen a victim suffers multiple wounds inflicted in quick succession, each infliction of injury does not constitute a separate assault," id. at 675 (citation and punctuation omitted), and therefore held that the defendant could not be convicted of two counts of aggravated assault because the evidence showed that the two shots fired at the victim "were

---

[4] Superior courts have the power "[t]o punish contempt by fines not exceeding $1,000.00, by imprisonment not exceeding 20 days, or both[.]" OCGA § 15-6-8 (5).

3

fired back to back, as part of a single incident." Id. at 674 (punctuation omitted). Similarly, in *Jeffrey v. State*, 296 Ga. 713 (770 SE2d 585) (2015), we held that, where the defendant was convicted of four aggravated assaults for shooting the victim, only a single conviction could stand because the evidence showed that the shots were fired "in a single transaction." Id. at 718. See also *Jones v. State*, 302 Ga. 488, 492 (807 SE2d 344) (2017) (holding that where "there was no evidence of a deliberate interval of time" between two acts of cruelty to a child, there could be only one conviction for child cruelty).

Based on the foregoing, the trial court erred in finding Taylor guilty of 13 instances of contempt. Accordingly, we vacate Taylor's convictions and sentences and remand the case for the trial court to convict and resentence Taylor for only one instance of contempt.

2. Because of our holding in Division 1, Taylor's remaining two enumerations of error are moot.

*Judgment vacated and case remanded with direction. All the Justices concur.*

4

DECIDED JANUARY 27, 2020.
Murder. Fulton Superior Court. Before Judge Woodson, pro hac vice.

*James C. Bonner, Jr., Brandon A. Bullard, David B. Cooper*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.