**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 17, 2023**

# In the Court of Appeals of Georgia

A23A0894. WILKINS v. THE STATE.

PIPKIN, Judge.

On June 9, 2017, Donatus Wilkins was indicted by a Cobb County grand jury for crimes he committed against his girlfriend. Wilkins was indicted on one count of hindering a 911 call and two counts of aggravated assault. Wilkins argues in his sole enumeration of error that the trial court erred by not merging the two counts of aggravated assault for sentencing purposes. We disagree, and, for the reasons discussed below, we affirm.

1. Wilkins was charged with two counts of aggravated assault as follows: Count 1 charged Wilkins with making "an assault upon the [victim] with intent to rape, by tearing and removing the underwear of said person as he held her down"; Count 2 charged Wilkins with "knowingly mak[ing] an assault upon the [victim] with

his hands, instruments which when used offensively against a person are likely to result in strangulation, by applying pressure to the throat and neck of said person." Wilkins contends that, because he was indicted on two counts of aggravated assault, he was charged with violating the same criminal statute twice.[1] This, he argues, required the trial court to merge his sentences for aggravated assault as a matter of law under a "unit of prosecution" analysis.

"Whether offenses merge is a legal question, which we review de novo." *Louisyr v. State*, 307 Ga. App. 724, 730 (2) (706 SE2d 114) (2011). The Supreme Court of Georgia has explained that, when a defendant is convicted of multiple counts of aggravated assault that were indicted under the *same* subsection of the aggravated assault statute, we analyze the merger of those sentences under the unit of prosecution test. See *State v. Owens*, 312 Ga. 212, 223-224 (6) (862 SE2d 125) (2021) (applying the "unit of prosecution" test to two aggravated assault convictions indicted under OCGA § 16-5-21 (a) (2)). However, where a defendant is convicted of multiple counts of aggravated assault that were indicted under *different* subsections of the

---

[1] OCGA § 16-5-21 was amended effective July 1, 2023. Though we review this case under the code that existed at the time of Wilkins' sentencing, we note that the portions of the statute relevant to this case were not affected by the July 1, 2023 amendment.

aggravated assault statute, then the merger of those sentences is analyzed under the "required evidence" test. See *Gipson v. State*, 332 Ga. App. 309, 320 (7) (b) n. 7 (772 SE2d 402) (2015)[2]; see also *Thomas v. State*, 292 Ga. 429, 433-434 (5) (738 SE2d 571) (2013). Wilkins' case falls under the latter category, so we turn to the required evidence test.

The required evidence test mandates that we look at whether each crime "requires proof of a fact which the other does not." (Citation and punctuation omitted). *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). Here, aggravated assault with intent to rape requires proof of a fact - intent to rape - that aggravated assault based on strangulation does not. Likewise, aggravated assault based on strangulation requires proof that a defendant used "an object, device, or instrument," in an offensive manner, which "likely or actually does result in strangulation," whereas aggravated assault with intent to rape does not. See OCGA § 16-5-21 (a) (1), (3). Accordingly, the trial court did not err in sentencing Wilkins on both of his aggravated assault convictions.

---

[2] As we have previously explained, this Court's decision in *Thomas v. State*, 310 Ga. App. 404, 410 (5) (714 SE2d 37) (2011) applying the unit of prosecution test to the aggravated assault statute is physical precedent only and is, therefore, not binding. See *Gipson*, 332 Ga. App. at 320 (7) (b) n.8.

2. Wilkins also contends that his convictions for aggravated assault should have merged because, he argues, they were committed during one continuous criminal act against the same victim with no deliberate interval between the two aggravated assaults. "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other[.]" OCGA § 16-1-7 (a) (1). See also *Gibson v. State*, 363 Ga. App. 296, 301 (2) (b) (870 SE2d 884) (2022). Indeed, "a defendant may not be convicted of two or more counts *of the same crime* where the evidence shows that the two counts are part of a single incident." (Emphasis supplied.) *Taylor v. State*, 307 Ga. 755, 756 (1) (838 SE2d 261) (2020). However, as discussed in Division 1, we have already determined that the aggravated assaults in this case are separate offenses under the required evidence test. To the extent that Wilkins is arguing that these two offenses run afoul of Georgia's statutory definitions of included offenses, thus triggering the "deliberate interval" test, we are not persuaded. Here, we cannot say that one crime "is established by proof of the same or less than all the facts or a less culpable mental state," or that one crime poses "a less serious injury or risk of injury to the same person." See OCGA §§ 16-1-6, 16-1-7. See also *Norris v. State*, 302 Ga. 802, 805

4

(III) (809 SE2d 752) (2018) ("Where . . . each offense requires an element of proof beyond the degree of injury or culpability that the other does not, neither of the offenses is included in the other, and the crimes do not merge under OCGA §§ 16-1-7 (a) (1) [and] 16-1-6."). Based on the foregoing, the trial court did not err by imposing separate sentences for Wilkins' convictions for aggravated assault with intent to rape and aggravated assault by strangulation.

*Judgment affirmed. Dillard, P. J., and Rickman, J., concur*.