S10A0863. KITCHEN v. THE STATE.

(700 SE2d 563)

HUNSTEIN, Chief Justice.

Appellant Daryl Kitchen[1] was convicted of malice murder, attempted armed robbery, aggravated assault and possession of a firearm during the commission of a felony in connection with the shooting death of Robert Earl Stevens. Finding no error in the denial of Kitchen's motion for new trial,[2] we affirm.

Kitchen contends that the trial court erred by denying his motion for a directed verdict of acquittal on the malice murder charge because the State failed to prove malice aforethought.[3] In the same vein, Kitchen challenges the sufficiency of the evidence supporting the malice murder conviction, specifically the element of intent. Construed most strongly in support of the verdict, the evidence shows that Kitchen and two male accomplices planned to rob the victim. Kitchen obtained a gun, and the three men entered

---

[1] The record reflects that appellant's name is sometimes signed as "Kitchens."

[2] The crimes occurred on April 7, 2004. Kitchen was indicted in Stewart County on September 20, 2004 and charged with malice murder, felony murder based on armed robbery, armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. He was tried before a jury on October 19, 2004 and found guilty of malice murder, criminal attempt to commit armed robbery, aggravated assault and firearm possession. In an order entered November 1, 2004, the trial court merged the aggravated assault conviction with the conviction for malice murder and sentenced Kitchen to life imprisonment plus a concurrent ten-year term for attempted armed robbery and a consecutive five-year term for firearm possession. Kitchen's motion for new trial was filed on November 13, 2004, amended on March 27, 2009, and denied on October 30, 2009; his notice of appeal was timely filed. The appeal was docketed in this Court for the April 2010 term and submitted for decision on the briefs.

[3] "A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." OCGA § 16-5-1 (a). "Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof. Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." Id. at (b).

the victim's home. While the accomplices were searching the back part of the house, Kitchen pointed the loaded gun at the victim and cocked it. The victim came toward Kitchen, and the two moved out of the house onto its screened porch, where the gun discharged. The victim was struck in the face from a distance of approximately one foot and died at the scene.

> "[I]n Georgia, the crime of malice murder is committed when the evidence shows either an express or, in the alternative, an implied intent to commit an unlawful homicide. This meaning of malice murder is consistent with the general rule that crimes which are defined so as to require that the defendant intentionally cause a forbidden bad result are usually interpreted to cover one who knows that his conduct is substantially certain to cause the result, whether or not he desires the result to occur. . . ." [Cit.]

*Stahl v. State*, 284 Ga. 316, 319 (669 SE2d 655) (2008). Here, Kitchen testified that he had a loaded, cocked gun pointed at the victim while within close range of him. The jury was not required to accept Kitchen's claim that the gun discharged accidentally when the victim hit it with his arm, or to credit Kitchen's denial of intent. See id. Thus, the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Kitchen was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying Kitchen's motion for a directed verdict. *Yat v. State*, 279 Ga. 611 (1) (619 SE2d 637) (2005) (standard of review for denial of motion for directed verdict is same as that used for sufficiency of the evidence, i.e., *Jackson v. Virginia*, supra).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*David T. Winheim*, for appellant.

*Plez H. Hardin, District Attorney, Daniel P. Bibler, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.