In the Supreme Court of Georgia

Decided:    February 1, 2016

S15A1461. LOCKHART v. THE STATE.

HINES, Presiding Justice.

Joe Lockhart appeals from his convictions and sentences for malice murder and possession of a firearm during the commission of a felony, all in connection with the death of Bernard Campbell. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that Lockhart had

[1]The crimes occurred on August 18, 2008. On April 10, 2009, a Fulton County grand jury indicted Lockhart for malice murder, felony murder while in the commission of the crime of aggravated assault, felony murder while in the commission of the crime of possession of a firearm by a convicted felon, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He was tried before a jury March 19-21, 2013, and found guilty of malice murder, felony murder while in the commission of the crime of aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony; orders of nolle prosequi were entered on the charges of felony murder while in the commission of the crime of possession of a firearm by a convicted felon and possession of a firearm by a convicted felon. On March 23, 2013, Lockhart was sentenced to life in prison for malice murder and a consecutive term of five years in prison for possession of a firearm during the commission of a felony; the remaining charges either merged with a crime for which a sentence was entered or were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Lockhart filed a motion for new trial on April 10, 2013, which he amended on September 18, 2014, and again on October 7, 2014; on January 13, 2015, the motion, as amended, was denied. Lockhart filed a notice of appeal on January 20, 2015, the appeal was docketed in this Court for the September 2015 term, and submitted for decision on the briefs.

supplied Campbell some automobile wheel rims to sell. Campbell, together with Carl Freeman, sold the rims and then went to Freeman's home at 6:00 p.m. on August 18, 2008. Campbell then left and went to a nearby park. Lockhart, seeking his share of the proceeds from the sale of the rims, went with Horace Holt to Freeman's home, and Freeman told them Campbell had gone to the park. Lockhart and Holt went to the park and found Campbell; Holt left, driving Lockhart's vehicle. Later, Campbell drove by Freeman's home and, from the vehicle, said that Lockhart "pulled a pistol on me," and continued driving.

Reginald Blessett was driving near the park when he came upon Campbell's vehicle stopped in the road; Blessett drove around Campbell's vehicle, and his vehicle was then struck in the rear by Campbell's. Campbell's vehicle pushed Blessett's vehicle for a distance, and then went around it. Lockhart then opened the door to Blessett's vehicle, got inside and, pointing a revolver at him, told Blessett to follow Campbell's vehicle. At an intersection, Lockhart directed Blessett to get next to Campbell's vehicle; Lockhart quickly exited Blessett's vehicle, shot Campbell multiple times, striking him with at least five projectiles, and quickly reentered Blessett's vehicle. Lockhart then directed Blessett to drive back to the area where he had entered Blessett's

2

vehicle, told Blessett "I know you," and exited the vehicle. Seven weeks later, Campbell died of his gunshot wounds.

1. The evidence authorized the jury to find Lockhart guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Lockhart contends that his trial counsel failed to provide effective assistance in regard to an incident that occurred during jury voir dire. In order to prevail on this claim, he must show both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). To meet the first prong of the required test, he must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case, id. at 784, and decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so

patently unreasonable that no competent attorney would have followed such a course. *Redding v. State*, 297 Ga. 845, 850 (5) (778 SE2d 774) (2015). To meet the second prong of the test, Lockhart must show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. *Smith*, supra at 783. "'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

During jury voir dire, the court asked the panel of prospective jurors if anyone knew Lockhart. Prospective Juror 18 indicated that he did, and when asked how he knew Lockhart, responded, while the entire panel remained present: "Before I started driving trucks, I worked for the Fulton County Sheriff's Department for 14 years. And I worked on the maximum security floor, sixth and seventh floor, dealing with violent criminals." The court said: "Okay. So that's where you know him from. Okay. Thank you, sir. You may be seated." Prospective Juror 18 was later brought before the court without the remainder of the panel present, and stated that he had left the employ of the Sheriff's Department the previous year, recalled no specific issues with

4

Lockhart during detention, but recognized his face; after discussion, Prospective Juror 18 was excused for cause. Later, before the jury was selected, defense counsel raised to the court the possibility of the court instructing the panel of prospective jurors that Prospective Juror 18 had come into contact with Lockhart pursuant to the case at issue during pretrial detention; the court expressed a willingness to do so, but noted that the panel may not have paid particular attention to Prospective Juror 18's remark. After discussion regarding the potential effect of an instruction from the court, defense counsel declined to have the court give an instruction and stated: "I probably should leave it alone for the good of my client."

Lockhart contends that his trial counsel was ineffective in not seeking the dismissal of the entire panel of prospective jurors because of Prospective Juror 18's remarks. See *Kinder v. State*, 284 Ga. 148, 150 (2) (663 SE2d 711) (2008); *Sharpe v. State*, 272 Ga. 684, 688 (5) (531 SE2d 84) (2000). During the hearing on the motion for new trial, trial counsel was asked about his failure to do so, and testified that he should have done so "having looked back on it." However, that does not control the question of whether counsel was pursuing a reasonable strategy; even counsel's own hindsight "has no place in an assessment of the

5

performance of trial counsel, the United States Supreme Court having instructed that a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Mohamud v. State*, 297 Ga. 532, 533 (2) (a) (773 SE2d 755) (2015) (Citation and punctuation omitted.) The strong presumption that counsel's conduct was within the wide range of reasonable conduct remains, and Lockhart must show that counsel's actions were patently unreasonable. Id.; *Redding*, supra.

And, other evidence brought forth during the motion for new trial hearing shows that counsel pursued a reasonable strategy in choosing to go forward with the prospective jury panel that remained after the dismissal of Prospective Juror 18. Counsel testified that he made a decision before jury selection not to address the matter further than he did, had "a pretty good idea of what the [jury] pool was to draw from," that as far as asking for a new panel, "I probably would have thought that it would be better to go forward with this jury [panel] given their responses to questions," and that doing so was, in his judgment at the time, in the best in interest of his client. Decisions regarding which jurors to strike and which to accept are questions of trial strategy. See *Simpson v. State*, __ Ga. ___, ___ (4) (___ SE2d ___) (2016) (Case no. S15A1365, decided January 19,

6

2016); *Upton v. Parks*, 284 Ga. 254, 257 (2) (664 SE2d 196) (2008); *Baker v. State*, 295 Ga. App. 162, 170 (5) (c) (671 SE2d 206) (2008). Indeed, choosing to keep Prospective Juror 18 on the panel would not necessarily have been unreasonable strategy. See *Prince v. State*, 277 Ga. 230, 235-236 (3) (587 SE2d 637) (2003). Accordingly, choosing to proceed with the known prospective jury panel rather than seeking a replacement panel was not ineffective assistance of counsel. *Redding*, supra.

Further, Lockhart cannot show prejudice arising from the failure to seek a new panel. See *Williams v. State*, 292 Ga. 844, 852 (3) (e) (742 SE2d 445) (2013). When "a prospective juror's comments do not link a defendant with criminal activity, or characterize the defendant as a criminal, the entire jury panel does not have to be excused." *Edwards v. State*, 282 Ga. 259, 262-263 (8) (a) (646 SE2d 663) (2007). "We have previously held that evidence that an accused has been confined in jail in connection with the case at issue does not place his character in evidence." *Bright v. State*, 292 Ga. 273, 275 (2) (a) (736 SE2d 380) (2013). As to Prospective Juror 18's response that he knew Lockhart from working on the "maximum security floor . . . dealing with violent criminals," the jury was already aware that Lockhart was charged with murder,

7

a manifestly violent crime. There is "no inherent prejudice when the comment [in the presence of the prospective jury panel] is that the accused was in jail and there is no evidence that the accused was in jail for any other reason other than as a result of the charges in the case at issue." *Bennett v. State,* 266 Ga. App. 502, 508 (597 SE2d 565) (2004). No information was conveyed in Prospective Juror 18's response suggesting that Lockhart was in jail for any reason other than that he was awaiting trial on the charges at issue, and thus, had trial counsel sought to have the prospective jury panel replaced, there is no reasonable probability that such a motion would have been granted, and no reasonable probability that the result of his trial would have been different. *Smith*, supra.

Judgments affirmed. All the Justices concur.