303 Ga. 608
FINAL COPY

S18A0201.  BLOUNT v. THE STATE.

HUNSTEIN, Justice.

Corey Antwan Blount was convicted of murder and related offenses arising out of the shooting death of Derrick Lee Merritt, Jr., and the wounding of Jamaris Antrellis Walter.[1] On appeal, Appellant contends that the evidence

---

[1] In December 2014, a Clarke County grand jury returned an eleven-count indictment charging Appellant as follows: Count 1 — malice murder; Count 2 — felony murder predicated on aggravated assault (deadly weapon); Count 3 — felony murder predicated on aggravated assault (discharging firearm from within a motor vehicle); Count 4 — felony murder predicated on possession of a firearm by a convicted felon; Count 5 — aggravated assault with a deadly weapon (Merritt); Count 6 — aggravated assault by discharging a firearm from within a motor vehicle (Merritt); Count 7 — possession of a firearm by a convicted felon; Count 8 — possession of a firearm during the commission of a crime (Merritt); Count 9 — aggravated assault with a deadly weapon (Walter); Count 10 — aggravated assault by discharging a firearm from within a motor vehicle (Walter); Count 11 — possession of a firearm during the commission of a crime (Walter).

Following a trial in October 2015, a jury found Appellant guilty on all counts. The trial court sentenced Appellant to life imprisonment on Count 1, five years' imprisonment on Count 8, and twenty years' imprisonment on Count 9, each of which were to be served consecutively; Appellant was also sentenced to five years' imprisonment on Counts 7 and 11, again consecutive to his other sentences, but those sentences were probated. All other counts were vacated by operation of law or merged for the purpose of sentencing. In total, Appellant was sentenced to life

was insufficient to support the convictions and that his trial counsel rendered constitutionally ineffective assistance. Finding no error, we affirm.

1. Viewing the evidence in a light most favorable to the verdicts, the evidence adduced at trial established as follows. On the evening of May 9, 2014, Kisha Pope, Shamilya McClain, Appellant, and his girlfriend, Kiona Detweiler, were exiting Bootleggers, a nightclub in Athens-Clarke County, when a melee erupted in the parking lot. Pope and Detweiler were part of the fray but were eventually pulled from the ruckus and deposited in the back seat of a two-door green Ford Mustang; McClain and Appellant were observed getting into the driver's seat and passenger seat, respectively, before the vehicle drove off. Numerous witnesses testified that, as the green Ford sped away, shots were fired from the passenger-side window into the lingering crowd. The gunfire killed Merritt and severely injured Walter, both of whom were bystanders. When investigators interviewed Appellant, he admitted firing from

imprisonment plus 35 years.

Appellant timely filed a motion for new trial on November 17, 2015, which was amended in June 2017. In July 2017, following a hearing, the trial court entered an order denying Appellant's motion for new trial as amended. Appellant filed a notice of appeal in August 2017; this case was docketed to the term of Court beginning in December 2017 and was thereafter submitted for a decision on the briefs.

the fleeing vehicle into the crowd, but he claimed that he did so in response to earlier gunfire and thrown bottles. The jury heard testimony, however, that an extensive "grid" search of the parking lot failed to reveal broken bottles or evidence of shots fired from other weapons.

Appellant argues that there was insufficient evidence of malice or intent. "When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." Morris v. State, 301 Ga. 702, 704 (804 SE2d 42) (2017) (citing Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)). "'This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.'" (Citation omitted.) Hayes v. State, 292 Ga. 506, 506 (739 SE2d 313) (2013).

"'In Georgia, the crime of malice murder is committed when the evidence shows either an express or, in the alternative, an implied intent to commit an unlawful homicide.'" (Citation and punctuation omitted.) Kitchen v. State, 287 Ga. 833, 834 (700 SE2d 563) (2010). "Express malice is that deliberate

intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof[,]" and malice may be implied "where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." OCGA § 16-5-1 (b). "It is for a jury to determine from all the facts and circumstances whether a killing is intentional and malicious." White v. State, 287 Ga. 713, 715 (1) (b) (699 SE2d 291) (2010). Here, the jury heard testimony that, after his girlfriend had been involved in a large-scale physical altercation in the club's parking lot, Appellant — who was a convicted felon — fired a weapon into the lingering crowd as he was leaving, killing Merritt. As discussed above, the State also adduced testimony that nothing found at the scene suggested that Appellant had been provoked or attacked with guns or bottles.

Accordingly, the evidence as summarized above was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that Appellant was guilty of the crimes of which he was convicted, see Jackson v. Virginia, supra, and this argument is without merit.

2. Appellant also argues, as he did below, that trial counsel was ineffective in a number of ways. To establish ineffective assistance of counsel,

4

a defendant must show that his trial counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U. S. 668 (III) (104 SCt 2052, 80 LE2d 674) (1984); Wesley v. State, 286 Ga. 355 (3) (689 SE2d 280) (2010). To prove deficient performance, one must show that his attorney "performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." Romer v. State, 293 Ga. 339, 344 (745 SE2d 637) (2013).

> [T]o show that he was prejudiced by the performance of his lawyer, [Appellant] must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Arnold v. State, 292 Ga. 268, 269 (737 SE2d 98) (2013) (quoting Strickland, 466 U. S. at 694 (III) (B)). "If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong." Rector v. State, 285 Ga. 714, 716 (681 SE2d 157)

(2009).

(a) Appellant contends that trial counsel was ineffective for failing to exhaust his peremptory strikes and remove jurors who, he says, expressed potential bias. Specifically, Appellant argues that trial counsel should have struck Juror 6, who had worked with the victim's father; Juror 9, who had met the lead detective and thought he was a "nice guy"; and Juror 31, who had known and gone to church with Merritt when Merritt was a child.[2] Even if we were to presume that trial counsel's failure to strike Jurors 6, 9, and 31 amounted to deficient performance — which we do not decide — Appellant has failed to demonstrate prejudice. Notably, Juror 6 was eventually removed from the jury for cause and, thus, played no role in the jury's verdicts; Jurors 9 and

---

[2] Appellant also complains that trial counsel failed to properly question Juror 14 after he revealed, in the middle of trial, that he had once worked with one of the State's witnesses, Kisha Pope. Juror 14 explained that, 20 years prior, he had managed a restaurant and Pope had been a hostess; he also explained that he had not recognized Pope's name because of the passage of time, that he had not spoken to or seen Pope in years, and that his familiarity with Pope would not affect his consideration of her testimony. Appellant has failed to identify what follow-up questions trial counsel should have asked or what information he might have gleaned from further questions. Moreover, though not acknowledged by Appellant, trial counsel actually moved the trial court to remove Juror 14 because of his familiarity with Pope, but the motion was denied. Accordingly, Appellant has failed to demonstrate that trial counsel was ineffective in this regard.

6

31, both of whom were seated on the jury, each affirmed his or her ability to act as a fair and impartial juror. Appellant has not suggested that Jurors 9 and 31 were not qualified to serve, that the jurors harbored any prejudice toward him, or that Jurors 9 and 31 were unwilling to acquit Appellant for reasons unrelated to the arguments and evidence presented at trial. See Simpson v. State, 298 Ga. 314, 319 (781 SE2d 762) (2016). Accordingly, Appellant is not entitled to relief.

(b) Count 7 charged Appellant with possession of a firearm by a convicted felon, and the language of that count reflects that Appellant was previously convicted of "Entering Auto" and "Possession of a Firearm by a Convicted Felon." At trial, Appellant stipulated his status as a convicted felon to avoid having the details of the offenses being presented to the jury. According to Appellant, this effort was thwarted when the trial court read the language of the indictment to the jury at the close of trial and then provided the indictment to the jury during deliberations. Appellant asserts that trial counsel should have objected in both instances and was ineffective for failing to do so.

Pretermitting whether trial counsel performed deficiently in this regard, Appellant has failed to demonstrate prejudice. At most, the language of the indictment informed the jury of the statutory titles of the prior felonies; the jury

7

was not advised of the relevant facts underlying those convictions, and neither of the two convictions was the type of prior offense that would be likely to inflame the passions of the jury and raise a significant risk of conviction based on improper considerations. See Wallace v. State, 294 Ga. 257 (3) (b) (754 SE2d 5) (2013). Accordingly, Appellant is not entitled to relief.

(c) Appellant claims that trial counsel was ineffective for failing to object to testimony concerning Appellant's statement to investigators and for failing to inquire as to the voluntariness of that statement. This enumeration of error, however, includes no meaningful argument and no citation to authority whatsoever; accordingly, this argument is deemed abandoned under Supreme Court Rule 22. See Moss v. State, 298 Ga. 613 (5) (e) (783 SE2d 652) (2016). Even if we consider the merits of the argument, Appellant's claim is without merit. As trial counsel testified in the motion for new trial hearing, Appellant waived his Miranda[3] rights prior to making his statement, and there was little indication that the statement was involuntary. Likewise, counsel explained that there was strategic value in having the statement presented at trial; the jury

---

[3] Miranda v. Arizona, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

8

learned that Appellant claimed he was acting in self-defense and that the weapon he claimed to have used, a .38 caliber firearm, did *not* match the murder weapon. Accordingly, Appellant has failed to demonstrate either deficient performance or prejudice, and this argument fails.

(d) Appellant testified at the motion for new trial hearing that trial counsel advised him not to testify because he had two prior felony convictions; on appeal, Appellant contends that this advice was unreasonable because the jury was already aware of those convictions and because a pre-trial order would have prohibited the State from delving into the details of those offenses. This argument fails, however, because the trial court specifically discounted Appellant's testimony as "less than consistent" regarding "whether counsel discussed the right to testify and how to make that decision." Instead, the trial court determined, and the hearing transcript supports, that trial counsel's advice on Appellant taking the stand was premised on sound strategic considerations, such as how a skilled cross-examination of Appellant could have proved harmful to Appellant's defense. Further, the record reflects that the trial court engaged in a colloquy with Appellant concerning his right to testify, wherein Appellant was fully apprised of his rights and informed that the decision to

9

testify was his alone to make. Accordingly, Appellant has failed to demonstrate either deficient performance or prejudice and, thus, is not entitled to relief. See Domingues v. State, 277 Ga. 373 (2) (589 SE2d 102) (2003).

(e) Appellant contends that the State, during its closing argument, presented the jury with erroneous legal standards concerning implied malice and that, because trial counsel failed to object, the jury was allowed to find Appellant guilty of malice murder based on a diminished level of intent. However, the record reflects that trial counsel did, in fact, object to the State's argument; as a consequence, the jury was informed that any instruction on the relevant law would come from the trial court and that closing arguments were merely an opportunity for the attorneys to argue how, in their opinion, the law should be applied to the facts. Following closing argument, the trial court adequately and properly instructed the jury on malice, both express and implied, as well as the State's burden of proof.

> [Q]ualified jurors under oath are presumed to follow the instructions of the trial court, Holmes v. State, 273 Ga. 644 (5) (c) (543 SE2d 688) (2001), and [Appellant] has not shown that the jurors were so confused or misled by the State's argument that they

ignored the trial court's proper instructions setting forth the law. Allen v. State, 277 Ga. 502, 503 (591 SE2d 784) (2004). Accordingly, Appellant has demonstrated neither deficient performance nor prejudice, and he is not entitled to relief on this claim.

(f)  Appellant next asserts that trial counsel rendered constitutionally ineffective assistance by failing to move for a directed verdict as to Count 1, malice murder.  However, this enumeration of error fails to include either citation to authority or meaningful legal argument; as such, this enumeration of error is deemed abandoned under Supreme Court Rule 22.  See Moss, supra. Even so, this claim is meritless; because "the evidence was sufficient to sustain [Appellant's] conviction for malice murder, any motion for directed verdict would have failed, and trial counsel's failure to make such a motion thus did not constitute deficient performance." Jessie v. State, 294 Ga. 375, 378 (754 SE2d 46) (2014).

(g)  Finally, Appellant asserts that he would have pled guilty to manslaughter and that trial counsel was ineffective for failing to engage the State in plea negotiations.  Pretermitting whether trial counsel has a duty to *initiate* plea negotiations, see State v. Kelley, 298 Ga. 527, 529 (783 SE2d 124)

11

(2016) (recognizing that, in Georgia, "[t]he authority and discretion to plea bargain rest with the State"), Appellant has again wholly failed to demonstrate prejudice. There is no indication that the State would have agreed to a plea deal or that any such agreement would have been more favorable than the result at trial. See Shnewer v. United States, 703 Fed. Appx. 85, 88 (3rd Cir. 2017) ("Thus, to show prejudice, [Appellant] would need to demonstrate that it was reasonably probable that [the Government] would have offered him a particular plea deal, that the deal would have resulted in a sentence less than life in prison, and that the court would have accepted the deal's terms. Failure to show any one of those three facts is fatal to [Appellant's] claim."). Accordingly, Appellant is not entitled to relief.

Judgment affirmed. All the Justices concur.

Decided May 7, 2018.

Murder. Clarke Superior Court. Before Judge Sweat.

William A. McQueen, for appellant.

Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Jon R. Forwood, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General, for appellee.