321 Ga. 732
FINAL COPY

S25A0111. CLARK v. THE STATE.

BETHEL, Justice.

A jury found Dereckson Clark guilty of malice murder and other crimes in connection with the shooting death of Alton Cotton.[1] On appeal, Clark argues that the trial court erred in two respects and that trial counsel rendered constitutionally ineffective assistance. For the reasons that follow, we affirm.

The evidence at trial showed that, on the afternoon of the

---

[1] The crimes occurred on February 22, 2020. In November 2020, a Peach County grand jury indicted Clark for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. At a June 2021 jury trial, Clark was found guilty of all counts. The trial court sentenced Clark to serve life in prison with the possibility of parole for malice murder and a consecutive term of five years for possession of a firearm during the commission of a felony. The remaining counts merged or were vacated by operation of law. Clark timely filed a motion for new trial, which he amended through new counsel. Following a hearing, the trial court denied Clark's motion, as amended, on February 1, 2023. On February 28, 2023, Clark, while represented by counsel, timely filed a pro se notice of appeal. Following further proceedings in the trial court, which we detail in Division 1 below, current appellate counsel filed a notice of substitution of counsel on May 16, 2024, and the record was transmitted to this Court in August 2024. The case was docketed to this Court's term beginning in December 2024 and submitted for a decision on the briefs.

crimes, Clark and Cotton became involved in a verbal altercation. The altercation took place outdoors and was observed by numerous witnesses. Several onlookers encouraged Clark to walk away from the dispute and go about his business. Instead, Clark returned to his car, retrieved a revolver, and walked back toward Cotton. When Clark reached Cotton, he told Cotton, "I'm tired of you f\*\*king with me," then aimed the revolver at Cotton's head and shot him. Clark then left the scene. Cotton died as a result of the gunshot wound to his head, and the autopsy revealed that the gun was fired from within one or two inches of his head. Responding officers did not locate a weapon of any kind near Cotton, and none of the bystanders reported that Cotton had a weapon. Testimony at trial established that Cotton did not threaten Clark, nor did Cotton have anything in his hands before Clark shot him.

Clark filed a motion for pretrial immunity based on self-defense, which the trial court denied after an evidentiary hearing. Clark testified in his own defense at trial, claiming that, after Cotton threw a rock at him, he armed himself in self-defense and that the

gun accidentally fired. At trial, Clark acknowledged his prior testimony at the pretrial immunity hearing that he thought, if he showed Cotton his gun, "I knew he would leave me alone. I thought maybe he would leave me alone permanently, you know, just leave me alone. Just cut loose, period. Get — just get over it." Clark also admitted that he had testified that Cotton "wasn't threatening me, but he was just cursing at me."

1. Before reaching Clark's enumerations of error, we address an issue with the notice of appeal in this case. See *Kelly v. State*, 311 Ga. 827, 828 (860 SE2d 740) (2021) ("It is the duty of this Court to inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction. The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." (cleaned up)). As noted in footnote 1, Clark was represented by counsel at the motion-for-new-trial stage. For reasons not apparent from the record, counsel neglected to file a notice of appeal following entry of the order denying the motion for new trial on February 1, 2023, though there

is no indication that counsel formally withdrew from his representation of Clark. On February 28, 2023, Clark filed in the trial court a timely pro se notice of appeal in which he also asked that appellate counsel be appointed to represent him. Following a hearing, the trial court entered an order finding that Clark "was diligent in acting on his own behalf to file his timely Notice of Appeal when his counsel failed to do so" and that his pro se notice of appeal should be recognized "as a cognizant filing for the limited purpose of preserving [Clark's] right to pursue" an appeal. The court further found that Clark had neither waived his right to counsel nor asserted his right to self-representation.

When a defendant makes a timely and otherwise procedurally proper pro se filing while still formally represented by counsel, a question arises whether the court should exercise its discretion to recognize the validity of that filing. See *Johnson v. State*, 315 Ga. 876, 890 (4) (885 SE2d 725) (2023) (holding that a pro se filing by a counseled defendant is not per se a legal nullity and that "a court has the discretion to recognize a timely and otherwise procedurally

4

proper pro se filing made by a defendant who is still formally represented by counsel"). "[T]he decision whether to recognize a pro se notice of appeal remains one for appellate courts to make." Id. at 877, 891 (4) n.15 (instructing that "when a court chooses to recognize such a filing . . . it should make that exercise of discretion clear on the record"). And we are aided in that task here by the trial court's careful attention to preparing a record on this issue. On this record and with the benefit of the trial court's findings, we exercise our discretion to recognize Clark's timely notice of appeal and proceed to address the merits of his appeal. See id. at 890-891 (4) (observing that exercising discretion to recognize "a pro se filing [that] would preserve a right of appeal that would otherwise be lost through no fault of the defendant . . . seem[s] to us squarely in the furtherance of justice" (citation and punctuation omitted)).

2. Turning to his first claim of error, Clark asserts that the trial court erred by instructing the jury about the grand jury process. Specifically, as part of the preliminary jury instructions, the trial court noted that "[t]he State cannot bring a person accused of a

5

felony to trial unless the grand jury has first indicted that person. Grand [j]urors do not try criminal cases. They ordinarily only hear from witnesses for the State." Clark did not object to this instruction at trial, so this claim may be reviewed only for plain error. See *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011); OCGA § 17-8-57 (b). To show plain error, Clark "must demonstrate that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Hill v. State*, 310 Ga. 180, 194 (11) (a) (850 SE2d 110) (2020) (citation and punctuation omitted). "To constitute plain error, an error in a jury instruction must have been obvious, among other things." *Harris v. State*, 313 Ga. 872, 879 (3) (874 SE2d 73) (2022).

In Clark's estimation, the challenged instruction was erroneous because the jury might have misunderstood it to mean that a different jury had already heard the evidence against Clark and found him guilty of the charged crimes, and he asserts that the

6

trial court should have instructed the trial jury about the lower standard of proof required for indictment. But Clark points to no precedent holding that it is error to instruct the trial jury about the grand jury process or detailing the level of specificity necessary for such an instruction. Indeed, the only two cases Clark cites in support of this claim held that no error existed where the trial court instructed the trial jury about the grand jury process and, as the court did in this case,[2] also instructed the jury about the

---

[2] The challenged instruction came in the context of the following instructions:

> [W]e sort of take things for granted that people understand legal proceedings and they don't necessarily. So I'd like to give you just a little background information.
>
> A crime is a violation of a statute of this State in which there shall be a union of — or joint operation of an act and intention.
>
> That is, a crime is committed when a person violates a statute of this State, which is to say a law of this State, by acting as prohibited, while at the same time he [has] a criminal intention, and no other defense excuses the conduct.
>
> A person will not be presumed to act with criminal intention. However, the jury may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.
>
> The State cannot bring a person accused of a felony to trial unless the grand jury has first indicted that person.
>
> Grand Jurors do not try criminal cases. They ordinarily only hear from witnesses for the State.
>
> When a criminal case is tried, the Defendant has pled not

7

presumption of innocence and the State's burden of proof. See

*Shadron v. State*, 275 Ga. 767, 769-770 (3) (573 SE2d 73) (2002) (no

reversible error where instruction about grand jury process did not

mislead the jury about "the State's burden of proof at any stage of

the proceeding and . . . did not diminish the presumption of

innocence" when viewed in context of entire jury charge); *Bostic v.*

*State*, 184 Ga. App. 509, 510 (3) (361 SE2d 872) (1987) (no reversible

error where trial court's instruction, viewed as a whole, "was a

correct statement of the function of the grand jury, was not

misleading, and did not shift the burden of proof"). And because "[a]n

error cannot be plain where there is no controlling authority on

point," Clark's claim fails at the second step of plain-error review.

*Hill*, 310 Ga. at 194 (11) (a) (citation and punctuation omitted). See

---

guilty to the Indictment. This plea of not guilty denies every essential allegation of the Indictment and forms the issue or question that you, as a trial jury, will decide.

The Indictment and the plea of not guilty to it are not evidence and you should not consider them as evidence.

Every person is presumed innocent until proved guilty.

No person shall be convicted of a crime unless each element of the crime is proved beyond a reasonable doubt.

The State has the burden to prove each essential element of each crime charged beyond a reasonable doubt.

also *Payne v. State*, 314 Ga. 322, 325 (1) (877 SE2d 202) (2022) ("[We do] not have to analyze all elements of the plain-error test where an appellant fails to establish one of them.").

3. Clark next argues that the trial court erred by sustaining the State's hearsay objection to Clark's reading into evidence his testimony from the pretrial immunity hearing. Specifically, the prosecutor cross-examined Clark about certain aspects of his testimony at the immunity hearing and read portions of that prior testimony into the record. On redirect, Clark's counsel asked Clark to read into the record additional portions of his prior testimony. The State objected on hearsay grounds, and the trial court sustained the objection, indicating that Clark could not simply read his prior testimony into the record. On appeal, Clark asserts that this was error because, he says, the prior testimony was admissible as a prior consistent statement. The State argues that Clark did not preserve this argument for ordinary appellate review because he made no express argument at trial that the prior testimony was admissible

9

as a prior consistent statement.[3] But even assuming that Clark did preserve this claim and that the trial court erred, we conclude that any such error was harmless and does not warrant reversal.

"We review a trial court's evidentiary rulings under an abuse

---

[3] In determining the appropriate standard of review for a claim of evidentiary error, we have explained that "[w]here an appellant challenges the admission of evidence, we are concerned with the sufficiency of the appellant's objection," but "where the appellant challenges the exclusion of evidence, we are concerned with the sufficiency of the showing that the appellant, as proponent of the evidence, made at trial." *Williams v. State*, 302 Ga. 147, 151 (2) (805 SE2d 873) (2017). "[T]o preserve an objection to the exclusion of evidence, the proponent must either make an offer of proof or otherwise ensure that the *reason* for offering the evidence in question [is] apparent to the trial court." *McGarity v. State*, 311 Ga. 158, 162 (2) (856 SE2d 241) (2021) (citation and punctuation omitted; emphasis in original). And where a defendant advances on appeal a different theory of admissibility than he argued at trial, the claim is not preserved for ordinary appellate review. See *Smith v. State*, 309 Ga. 240, 250 (3) (845 SE2d 598) (2020) (where trial court excluded testimony as hearsay, claim that testimony was admissible as a prior consistent statement under OCGA §§ 24-6-613 (c) and 24-8-801 (d) (1) (A) was not preserved for ordinary appellate review because appellant argued in trial court only that testimony was admissible under OCGA §§ 24-8-803 (4) and 24-7-703). See also *Williams*, 302 Ga. at 151 (2); *Lupoe v. State*, 300 Ga. 233, 247 (11) (794 SE2d 67) (2016).

    Here, the State is correct that the record does not reflect that Clark expressly argued at trial that his testimony from the immunity hearing was admissible as a prior consistent statement. Rather, the extent of Clark's response to the State's hearsay objection was a comment that the prosecutor "used [the prior testimony] as a prior inconsistent statement, with only reading half of Mr. Clark's response." It is not readily apparent that this argument was sufficient to apprise the trial court that Clark sought to admit the testimony as a prior consistent statement and thereby preserve this claim for ordinary appellate review. And we express no opinion on that question. We do not resolve that issue because Clark's argument fails even under ordinary review.

of discretion standard of review. And even where an abuse of discretion is shown, there are no grounds for reversal if the error did not affect a substantial right, and thus harm, the defendant." *Neuman v. State*, 311 Ga. 83, 91 (4) (a) (i) (856 SE2d 289) (2021) (citation and punctuation omitted). Here, the record reflects that, though Clark was prohibited from reading his prior testimony from the transcript of the pretrial hearing, his trial counsel elicited the same testimony from Clark without use of the transcript — specifically, testimony that Clark retrieved his gun from his car after Cotton threatened him with a rock — as well as testimony that Clark previously testified to that effect at the pretrial hearing. As such, Clark's reading for the jury his prior testimony would have been "essentially cumulative, and it is highly unlikely that such additional evidence would have had any effect on the verdict." *Cook v. State*, 312 Ga. 299, 302 (2) (862 SE2d 510) (2021) (any error in excluding testimony about acts of violence committed by victim against third parties was harmless because other evidence established that victim had reputation for violence, was known to

11

carry a gun, and previously assaulted appellant and, thus, excluded testimony was "essentially cumulative"); *Walker v. State*, 306 Ga. 44, 47 (2) (829 SE2d 121) (2019) (any error in excluding testimony that appellant said victim tried to kill him was cumulative and harmless because appellant testified that he acted in self-defense and responding officer testified that appellant claimed victim had shot him). Moreover, the evidence of Clark's guilt was overwhelming, and eyewitness testimony established that Clark shot the unarmed victim after a verbal dispute and then fled the scene, not that he acted in self-defense. See id. (where evidence of guilt is "overwhelming," erroneous exclusion of evidence is harmless). Accordingly, any error by the trial court in limiting Clark's testimony was harmless, and this claim fails.

4. Finally, Clark asserts that trial counsel rendered constitutionally ineffective assistance by failing to request an inquiry into whether a juror should have been replaced with an alternate. Specifically, he points to a juror who, according to the trial court, "had an issue with urinary urgency" and twice left the

12

courtroom to relieve himself during the presentation of evidence, with the trial court pausing the presentation of evidence in the juror's absence on both occasions. To prevail on a claim of ineffective assistance, an appellant bears the burden of showing both that trial counsel's performance was professionally deficient and that he was prejudiced as a result of that deficient performance. See *Strickland v. Washington,* 466 U. S. 668, 695 (III) (104 SCt 2052, 80 LE2d 674) (1984). To show deficient performance, an appellant "must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment." *Lockhart v. State*, 298 Ga. 384, 385 (2) (782 SE2d 245) (2016) (citation and punctuation omitted). And to show prejudice, an appellant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Simpson v. State*, 298 Ga. 314, 318 (4) (781 SE2d 762) (2016) (citation and punctuation omitted). Clark has not met this burden.

It is well settled that "juror selection is a matter of trial tactics and strategy," and "a decision implicating trial tactics and strategy can serve as the basis for an ineffectiveness claim only if it is so patently unreasonable that no competent attorney would have made such a decision." *Capps v. State*, 300 Ga. 6, 12-13 (2) (e) (792 SE2d 665) (2016). Here, Clark rests his claim of ineffectiveness on speculation that other jurors may have been distracted by the interruption when the juror at issue exited the courtroom and that the juror may have needed an opportunity to rehear missed testimony, which, he says, could have served as reasons for the juror's removal such that trial counsel should have inquired into the issue. But at the motion for new trial hearing, trial counsel testified that she did not view the juror's "bladder control issues" and need for "more frequent breaks" "as a reason to ask for an alternate to be sat." She explained, "[the juror] had a medical condition and we were accommodating that" by pausing the presentation of evidence when the juror needed a break, as the trial transcript reflects. Counsel insisted that she "didn't feel that it was necessary" to seat an

14

alternate juror and rejected the notion that the juror's bathroom breaks were disruptive to the other jurors. Counsel also affirmed that she wanted this particular juror on the jury.

In the order denying Clark's motion for new trial, the trial court expressly credited counsel's testimony — a determination that Clark does not challenge as clearly erroneous. See *Lockhart*, 298 Ga. at 385 (2) ("We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (citation and punctuation omitted)). Thus, the record shows that trial counsel considered and rejected both reasons advanced by Clark as a basis for the juror's removal, and Clark makes no effort to demonstrate that counsel's strategic decision not to seek the juror's removal was otherwise unreasonable. See *Parker v. State*, 305 Ga. 136, 142-143 (4) (b) (823 SE2d 313) (2019) (rejecting claim of ineffective assistance of counsel based on counsel's failure to strike a prospective juror where counsel articulated a strategic reason to include the prospective juror on the jury and appellant failed to show that

15

counsel's strategy was unreasonable). As such, Clark has failed to meet his burden of showing that no reasonable counsel would have made that strategic decision, and his ineffective assistance claim fails. See *Bradley v. State*, 318 Ga. 142, 144 (2) (897 SE2d 428) (2024) ("The failure to demonstrate either deficient performance or resulting prejudice is fatal to a claim of ineffective assistance of counsel and obviates the need even to consider the other.").

*Judgment affirmed. Peterson, C. J., Warren, P. J., and Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ., concur.*

Decided June 10, 2025.

Murder. Peach Superior Court. Before Judge Williford.

*K. Shea Feagin*, for appellant.

*Anita R. Howard, District Attorney, Cynthia T. Adams, Neil A. Halvorson, Assistant District Attorneys; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Meghan H. Hill, Senior Assistant Attorney General, Virginia D. Frazier, Elizabeth Rosenwasser, Assistant Attorneys General*, for appellee.